CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 20 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GREGORY LEON YOUNG, | ) | CASE NO. 7:15CV00390 |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| HAROLD CLARKE, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Gregory Leon Young, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Young challenges the validity of his confinement under a July 2004 judgment in the Danville Circuit Court which convicted him of robbery and sentenced him to 60 years in prison. After review of the record, the court finds that the petition must be summarily dismissed as successive, pursuant to 28 U.S.C. § 2244(b).[1]

Court records indicate that Young previously filed a § 2254 petition concerning the same judgment that he challenges here. See Young v. Kelly, Civil Action No. 7:07CV00295 (W.D. Va. Aug. 7, 2007). The court dismissed Young's petition with prejudice, and his appeal was dismissed for failure to prosecute.

Pursuant to § 2244(b), a federal district court may consider a second or successive § 2254 petition only if petitioner secures specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the petition meet certain criteria. § 2244(b)(3). Young's current petition is a subsequent one, falling under the prohibition in 28 U.S.C. § 2244(b) against a second or successive petition.

---

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In his current § 2254 petition, Young asserts that "newly discovered evidence of forensic analysis" supports a finding that he is actually innocent which should, in turn, serve as a "gateway mechanism" to circumvent his procedural default of his habeas corpus claims of prosecutorial misconduct and ineffective assistance of counsel. In support of this default argument, Young relies on McQuiggin v. Perkins, 569 U.S.__, 133 S. Ct. 1924, 1928, 1934-36 (2013). In McQuiggin, the United States Supreme Court held that a showing of actual innocence can serve as a gateway through which a prisoner may bring his first post-conviction challenge even after expiration of the statute of limitations in 28 U.S.C. § 2244(d). The McQuiggin Court applied its holding only to a petitioner's initial § 2254 petition. 133 S. Ct. at 1933-34 (differentiating initial habeas petitions from second or successive petitions).

Even if Young could persuade the court that the McQuiggin gateway actual innocence rule should be extended to successive petitions, however, his newly discovered evidence is not sufficient to support a colorable claim of actual innocence. Young submits certificates of analysis indicating that two forensic scientists at the Virginia Department of Criminal Justice Services found from comparison of handwriting samples that Young did not write the hand printed note, beginning "I HAVE a bomb," which the robber gave to Amanda Cox, the bank teller. Young's evidence also indicates that the handwriting on the note was prepared by the unknown writer of a similar note involved in another bank robbery.

According to Young, the Commonwealth presented eye witness testimony against him. Ms. Cox identified Young from a lineup of six men, all wearing "toboggans" and sunglasses, just as the robber did when he handed Cox the robbery note. Another eye witnesses, Mr. Anderson, picked Young out of a six-man lineup as the person he saw slip on the ice as he entered the bank just ahead of Mr. Anderson. The defense presented evidence that Young's fingerprints were not

2

Case 7:15-cv-00390-GEC-RSB   Document 2   Filed 07/20/15   Page 2 of 3   Pageid#: 72

found on the front of the note and that another person's prints were found on the note and on the entrance doors of the bank. In light of the eye witness evidence that Young was the robber, the additional evidence he now offers, showing that he did not personally write the note used to frighten the teller into giving the robber money, does not constitute an adequate showing of actual innocence as necessary to circumvent his default of his habeas claims. See Schlup v. Delo, 513 U.S. 298, 327 (1995) (holding that actual innocence to overcome default requires showing that "it is more likely than not that no reasonable juror would have convicted" petitioner of the underlying crime if jurors had received specific, reliable evidence not presented at trial).

As stated, Young's current § 2254 petition is a second or successive one. Thus, it is barred from review on the merits by this court under § 2244(b) without certification by the Court of Appeals. Because Young does not demonstrate that he has obtained such certification, the court will dismiss the petition without prejudice as successive. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 17th day of July, 2015.

*/s/ Glen Conrad*
Chief United States District Judge

3

Case 7:15-cv-00390-GEC-RSB   Document 2   Filed 07/20/15   Page 3 of 3   Pageid#: 73